FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

December 20, 2012

Elisabeth A. Shumaker
Clerk of Court

In re:

LAWRENCE MICHAEL KUBACKI,

Movant.

No. 12-1493
(D.C. No. 1:02-CV-02199-ZLW)
(D. Colo.)

**ORDER**

Before **BRISCOE**, Chief Judge, **KELLY** and **O'BRIEN**, Circuit Judges.

Movant Lawrence Michael Kubacki, a Colorado state prisoner appearing pro se, has filed this motion seeking authorization to file a second or successive 28 U.S.C. § 2254 petition. We deny the motion.

Congress has placed strict limitations on second or successive § 2254 motions. Such a motion must be authorized by this court before proceeding in the district court. *See id*. § 2244(b)(3)(A). Under § 2244(b)(2), the court may authorize a claim only if the prisoner makes a prima facie showing that (1) the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that such facts, if proven, would establish by clear and convincing evidence that no reasonable factfinder would have found the prisoner guilty but for the constitutional error. Mr. Kubacki was convicted in 1990 of first degree murder

and aggravated robbery. His first § 2254 petition was dismissed as time-barred. In his current motion for authorization, Mr. Kubacki relies primarily on the first, "new law" prong to support his claims.

Mr. Kubacki's first proposed claim is that he was deprived of his rights under the Fourth Amendment to be free from illegal search and seizure after the police allegedly procured evidence through use of a defective search warrant. Mr. Kubacki cites *United States v. Jones*, 132 S. Ct. 945 (2012), as having established a new rule of constitutional law on which his claim relies. However, the Supreme Court in that case, or in any other subsequent cases, did not make the law retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656 (2001). As such, Mr. Kubacki cannot meet the requirements of § 2244(b)(2).

Mr. Kubacki's second proposed claim is that his Fifth Amendment right against double jeopardy was violated after murder charges against him were dropped in one county and then filed in a different county. But Mr. Kubacki does not contend that his claim relies on a new rule of law or on newly discovered evidence. He thus fails to satisfy § 2244(b)(2).

The third proposed claim is that Mr. Kubacki was denied a fair trial under the Sixth Amendment because of improprieties by the prosecution. Mr. Kubacki asserts that the claim relies on both new rules of law and newly discovered evidence. The rules of law in the cases he cites, *Maryland v. Shatzer* and *Florida v. Powell*, have not been held by the Supreme Court to be applied retroactively. 130 S. Ct. 1213

(2010); 130 S. Ct. 1195 (2010). The "newly discovered evidence," meanwhile, is a report suggesting the existence of a video of the coroner's autopsy of the victim that shows the victim's time of death. Mr. Kubacki contends that the report, discovered sometime after his trial and appeal, demonstrates a different time of death than the one presented at trial. However, Mr. Kubacki has failed to show that the report or video constitutes "clear and convincing evidence" that no reasonable factfinder would have found him guilty of murder and aggravated robbery.

The last proposed claim is that Mr. Kubacki's Sixth Amendment right to effective assistance of counsel was violated when his trial counsel allegedly committed numerous errors throughout the trial. As with the claims above, however, Mr. Kubacki cannot meet the standards of § 2244(b)(2) because the new rule of law found in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), has not been held to apply retroactively.

The motion for authorization is denied. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

                                                  Entered for the Court

                                                  ELISABETH A. SHUMAKER, Clerk